## CIRCUIT COURT OF CHESTERFIELD COUNTY

Minnie G. Schuller et al.

v.

Bernard L. Davis et al.

September 7, 1990

Case No. CH89-1006

By JUDGE HERBERT C. GILL, JR.

The above-referenced case is a suit for the partition of real estate inherited by the parties as tenants in common. The property was managed and maintained by Robert M. Davis, one of the tenants in common. Another co-tenant, Bernard L. Davis, occupied one of the lots at issue. Plaintiffs have requested that an accounting of the rents and profits be made. Robert M. Davis alleges he is due reasonable compensation for his services and for improvements made to the property. The plaintiffs maintain they are due at least $1,510.29 from Bernard L. Davis for rent shortages. Plaintiffs also maintain they should recover at least $5,567.34 from Robert M. Davis for payments made from the rent account, for which no value enured to their benefit. They also argue that no management fee should be awarded to Robert Davis and that the balance of the note taken out by Robert Davis for certain improvements should not be allowed as a valid expenditure.

## I. *Obligation to Other Co-Tenants for Accounting*

Every tenant in common has the right to possess and enjoy the common property. Generally, a tenant in common is not accountable to his co-tenants for rents or profits, unless he has received more than his just share thereof. *Earley v. Friend*, 57 Va. (16 Gratt.) 21 (1860). The Code of Virginia provides for a right of accounting in equity against a co-tenant for receiving more than his just share or proportion. Va. Code Ann., Section 8.01-31 (1950). In an action for accounting, it is an essential averment of the plaintiff that the defendant has received more than his just share or proportion. *Earley*, 57 Va. at 53. The co-tenant is accountable to other tenants in common whether he receives the rents from others or occupies the property exclusively. Where a tenant in common occupies and uses the common property so as to plainly indicate that he considers himself a renter and not merely a tenant in common, this is sufficient to maintain an action for accounting. *Id*. at 49.

## II. *Liability for Under-Renting Common Property*

Where a tenant in common uses the property to the exclusion of his co-tenants or occupies more than his just share, the best measure of his accountability is the fair rent of the property. The reasonable rent for the property occupied by Bernard Davis should be based on the condition the property was in when he first took possession, and he is accountable to his co-tenants for their share of the rental income. *See, Earley*, 57 Va. at 53; *Ruffner v. Lewis*, 34 Va. (7 Leigh) 720 (1836). Thus, the plaintiffs' view that Bernard Davis's rent should have increased after the vinyl siding was placed on the house is erroneous. The defendant indicates the rent was reasonable at the time he took possession and there is no evidence to the contrary.

Where the property is rented out by one tenant in common, he is accountable to his co-tenants for their share of the rent he has received. *Ruffner v. Lewis*, 34 Va. (7 Leigh) 720 (1836). A co-tenant who holds the property is not chargeable with rents or profits where none have been made, provided he has employed the property in good

faith with a view to make it profitable. *Ruffner*, 34 Va. (7 Leigh) 720 (1836). Thus, Robert Davis should not be held liable for under-renting the property, as long as he managed the rental of the property in good faith. He should only be held liable for rents and profits actually received over his just share and proportion. *See Earley*, 57 Va. at 52.

### III. *Entitlement to Compensation for Services*

This court is not aware of any case law or statutory authority providing for a co-tenant's compensation for his efforts in the management of the common property. The Code does, however, provide for the compensation of fiduciaries in the form of a commission on receipts. Va. Code Ann., § 26-30 (1950). Defendants argue this Code provision is applicable in the instant case. Thus, if Robert M. Davis, as managing co-tenant, is considered to be a fiduciary under this provision, he may be entitled to some compensation for his services. Although a fiduciary relationship may exist between co-tenants, this court has not found any evidence indicating Davis was entrusted with the management of the common property. Code § 26-30 is, therefore, inapplicable.

Even if this court found that Code § 26-30 applied, the allowance or refusal of commissions rests in the sound discretion of the court under the circumstances of the case. *Bickers v. Shenandoah Valley Nat'l Bank*, 201 Va. 257, 110 S.E.2d 514 (1959). The factors to be considered in determining compensation include the value of the estate, the character of the services rendered, the difficulties encountered, and the results obtained. *Id.*

In consideration of the above, the request for compensation for services is denied.

### IV. *Repairs and Improvements*

Davis is, however, entitled to compensation for repairs and improvements. A co-tenant who places permanent improvements on common property is entitled to compensation for the improvements in a partition suit. This rule applies whether or not the co-tenants agreed to the improvements. However, in the absence of consent by other co-tenants,

the amount of compensation for the permanent improvement is limited to the increase in value of the common property. Compensation of this kind is allowed purely as a desire by a court of equity to do justice and prevent one co-tenant from becoming enriched at the expense of others, rather than as a matter of legal right. The burden is on the person claiming reimbursement for the improvements to show the amount by which the property is enhanced. *Shotwell v. Shotwell*, 202 Va. 613, 119 S.E.2d 251 (1961). Since the issue is one of increase in the value of the property as a result of the improvement, the plaintiffs' allegations that the improvements were not justified becomes irrelevant. Compensation for repairs and improvements made by Davis may be set off against the rents due from him to his co-tenants. *See Ruffner v. Lewis*, 34 Va. (7 Leigh) 720 (1836).

The evidence indicates that Lot 6 increased in value from $28,000.00 in 1985 to $35,500.00 in 1990 and was sold for $36,500.00. Lot 4 increased in value from $28,000.00 in 1985 to $36,000.00 in 1990. Thus, the improvements did in fact increase the value of the properties.

## V. *Unrepresented Fee*

The evidence reflects that Richard Motley filed his own answer in this action. As Mr. Motley has represented his own interests by proceeding *pro se*, the court finds that an allowance for unrepresented fees is unwarranted in this instance.

## VI. *Distribution of Funds*

The sum of $60,668.78 has been deposited to the credit of this court. $4,775.70 will be paid out pursuant to the Order Defraying Costs and Expenses, leaving a balance of $55,893.08 to be distributed as follows:

1. Balance of loan, plus per diem (8/8/90-9/30/90)    $1,027.21
2. Richard L. Motley, Jr., 1/4 interest    $16,716.47
3. Minnie Geneva Schuller, 1/8 interest    $8,358.23
4. Linda Schuller Pritchard, 1/8 interest    $8,358.23
5. Robert M. Davis, 1/4 interest    $16,716.47
6. Bernard L. Davis, 1/4 interest less $9,000 allotment,
   as allowed in Lot 4, Blk. A, Orange Hill    $4,716.47